UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN RAMON TUGGLE,                         No. C 06-5830 MHP (pr)

        Plaintiff,                                **ORDER OF DISMISSAL**

    v.

MAILROOM SUPERVISOR; et al.,

        Defendants.
                                           /

## INTRODUCTION

Steven Ramon Tuggle, an inmate at Pelican Bay State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

1   Tuggle alleges in his complaint that he received two letters 38 days late in an eight
2   month period.  The allegations show an occasional delay in the delivery of mail that does not
3   rise to the level of a constitutional violation.  Prisoners have a First Amendment right to send
4   and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).  However, a
5   temporary or isolated incident of delay of mail does not violate a prisoner's First Amendment
6   rights.  See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting
7   publications through property room reasonably related to prison's interest in inspecting mail
8   for contraband); accord Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999) (content-neutral
9   short-term and sporadic delays in prisoner's receipt of mail did not violate his 1st
10  Amendment rights) Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir. 1987) (allegations of
11  isolated delay or some other relatively short-term, non-content-based disruption in delivery
12  of inmate mail not enough to state 1st Amendment claim); Bach v. Illinois, 504 F.2d 1100,
13  1102 (7th Cir.) (isolated incident of mail mishandling insufficient to state claim under 1st
14  Amendment), cert. denied, 418 U.S. 910 (1974).

15  Tuggle also alleges in his complaint that his legal mail has been opened and inspected
16  outside of his presence.  The exhibits to his complaint include his inmate appeal, in which he
17  complained that envelopes from the Law Offices Of Boornazian, Jensen & Garthe had been
18  processed as regular mail instead of legal mail.  That firm represented a defendant Tuggle
19  was suing in state court.  See Complaint, Exh. B.  The problem with his claim is that mail
20  from opposing counsel rather than his own attorney is not "legal mail."  Cf. Keenan v. Hall,
21  83 F.3d 1083, 1094 (9th Cir.  1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison
22  officials may open and inspect mail to prisoner from courts outside prisoner's presence
23  because mail from courts, as opposed to mail from a prisoner's own lawyer, is not "legal
24  mail").  There is no confidential relationship between a litigant and his opponent's attorney,
25  unlike the confidential attorney-client relationship that exists between a litigant and his own
26  attorney.    Processing mail from opposing counsel as regular mail instead of as legal mail did
27  not violate Tuggle's constitutional rights.  The allegation in Tuggle's inmate appeal that
28  personnel in the mailroom did not treat mail from opposing counsel consistently – sometimes

2

treating it as confidential mail and sometimes processing it as regular mail – did not violate amount to a First Amendment violation.

The complaint fails to state a claim for a First Amendment violation. Leave to amend will not be granted because the deficiencies in the complaint cannot be cured by amendment.

## CONCLUSION

For the foregoing reasons, this action is dismissed with prejudice because the complaint fails to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: March 28, 2007

_____
Marilyn Hall Patel
United States District Judge